UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Gormidou Lavela,

Plaintiff,

v.

Civ. No. 01-2141 (JEL/JGL)
ORDER

County of Goodhue and
Minnesota Department of Human Services,

Defendants.

---

Gormidou Lavela, pro se, did not appear.

Patricia A. Sonnenberg, Esq., Assistant Attorney General, Minnesota Attorney General's Office, appeared for Defendants County of Goodhue and Minnesota Department of Human Services.

---

Gormidou Lavela brought this action against the County of Goodhue (County) and the Minnesota Department of Human Services (MDHS), alleging that the County and the MDHS violated state and federal welfare statutes and the federal constitutional rights to travel, due process, and equal protection. The matter is before the Court on the MDHS's Motion for Summary Judgment. For the reasons set forth below, the Court dismisses the action for failure to prosecute.

A district court has the inherent power to dismiss sua sponte an action for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993). A dismissal with prejudice is a drastic and extremely harsh sanction. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 751 (8th Cir. 1996); *Sterling*, 985 F.2d at 412. A district court therefore should dismiss an action with prejudice only when the plaintiff has intentionally delayed the action or has consistently and willfully failed to prosecute his claim. *Norman*, 79 F.3d at 751; *Sterling*, 985 F.2d at 412.



OCT 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED OCT 03 2002
DEPUTY CLERK'S INITIALS

The record reveals that Lavela has abandoned this action. In November 2001, Lavela filed his Complaint and sought a temporary restraining order. The Court denied the motion for a temporary restraining order. In December 2001, the MDHS served its Answer by registered mail; Lavela refused delivery. The next month, a Goodhue County deputy sheriff personally served Lavela with MDHS's Answer. Lavela refused to take the Answer from the deputy, so the deputy left it at Lavela's feet. Lavela picked up the Answer, tore it into pieces, and later mailed the shredded Answer to the deputy. By letter of January 31, 2002, the MDHS asked the parties to schedule a Rule 26(f) conference. Lavela did not respond. By letter of February 8, 2002, the County asked Lavela to schedule the Rule 26(f) conference. Again, Lavela did not respond. In July 2002, the MDHS and the County conducted the Rule 26(f) conference. Lavela did not attend. Later that month, the magistrate judge held a pretrial conference. Lavela did not appear. In August 2002, the MDHS filed its Motion for Summary Judgment. Lavela did not respond. The Court held a hearing on the MDHS's motion in September 2002. Lavela did not appear.

Because Lavela has consistently and willfully failed to prosecute his claim, the Court concludes that this action should be dismissed with prejudice for failure to prosecute. Therefore, IT IS ORDERED THAT:

1. Plaintiff Lavela's Complaint [Docket No. 1] is DISMISSED WITH PREJUDICE.

2. Defendant MDHS's Motion for Summary Judgment [Docket No. 24] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 3, 2002

JOAN ERICKSEN LANCASTER
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995